J. T. CHANDLER v. B. R. SAPPINGTON AND OTHERS.

1. The court below overruled plaintiff's exceptions to the defendants' plea to the jurisdiction, and rendered a judgment dismissing plaintiff's suit. Plaintiff's bill of exceptions recited that by agreement of parties the issue was submitted to the judge without a jury, and that the judgment was rendered "after hearing the evidence and the argument of counsel." The issue on the plea to the jurisdiction presented questions of fact as well as of law, and there was no statement of facts, nor did the bill of exceptions recapitulate the evidence adduced. *Held*, that there being no means whereby this court can be put in possession of the evidence adduced upon the issue, the judgment cannot be revised, although, so far as the record discloses, there appears to have been no good reason for sustaining the plea to the jurisdiction.

2. Plaintiff brought suit in T. county on an indorsed note against S. and O.,

the makers, who were residents of B. county, and also against the indorser, who resided in the county of T., where the suit was brought. S. and O. pleaded to the jurisdiction, and on trial of this plea there was judgment against the plaintiff, dismissing his suit.    The plaintiff gave notice of appeal, but his appeal bond took no notice of the indorser, and was made payable only to S. and O.    *Held*, on motion to dismiss, that the bond is defective; it should have been made payable to all of the appellees.

APPEAL from Travis.   Tried below before the Hon. J. P. Richardson.

The note of Sappington and Owings had been indorsed to the appellant as collateral security for indebtedness due him from the indorser.   So far as the facts are relevant to the rulings of this court, they are sufficiently indicated in the opinion and in the head-notes.

*J. B. Morris, J. H. Burts,* and *Fred. Carleton,* for the appellant, filed an able brief, reviewing the adjudications upon questions arising in suits brought against defendants who were residents of different counties.   They cited Christie *v.* Gunter, 26 Texas, 700 ; Barnett *v.* Logue, 29 Texas, 282 ; McMillan *v.* Croft, 2 Texas, 399 ; Andrews *v.* Hoxie, 5 Texas, 171 ; Martel *v.* Hernsheim, 5 Texas, 210 ; Raymond *v.* Holmes, 11 Texas, 59 ; Pool *v.* Pickett, 8 Texas, 122 ; Randon *v.* Barton, 4 Texas, 289 ; and Frosh *v.* Holmes, 8 Texas, 32.

*W. L. Robards,* for the appellees, moved to dismiss.

OGDEN, J.   This cause comes before us now on a motion to reinstate the same on the docket, after it has been dismissed on the motion of appellees.   The grounds for dismissing as set out in the motion are, first, the want of a statement of facts, upon which the judgment was founded ; and second, for the want of an appeal bond as required by law.   This court, after an examination of the motion and record, with some care, came to the conclusion that the motion should be sustained on both grounds, and an order was made to that effect without any

18

formal written opinion. Perhaps this should not have been, but counsel have very kindly attributed this omission to the large amount of business before the court, and the consequent lack of time, but refer us to Article 1572, Paschal's Digest, which provides that in all cases decided by this court, the judgment or decree of the court shall be in writing, and pronounced in open court, and appear to be quite anxious to have that statute observed in this case. In answer it may not be improper for us to suggest that while we are anxious to perform every duty required of us by the law, and are ever ready to correct, as far as possible, any errors we may have committed, yet we had supposed that the Legislature in its wisdom, had, by an act of the 10th of November, 1866, relieved this court to some extent of the labor required in the article to which our attention has been called; but we will now most cheerfully attempt to correct the error, if we have committed one, by giving our reasons for dismissing the appeal, as well as our reasons for refusing to reinstate the same.

The grounds upon which the judgment of dismissal was founded may be stated in a few words. The judgment of the District Court from which the appeal was taken was upon a plea to the jurisdiction of the court, in which plea it was alleged that the makers of the notes sued on were residents of Bexar county, but that the same had been indorsed by a third party without consideration, and with a fraudulent intent of giving the District Court of Travis county jurisdiction over the same. The cause was submitted to the court upon this plea, and exceptions thereto, and a judgment was rendered sustaining the plea. The determination of this plea to the jurisdiction was dependent upon questions of law and of fact, and as no properly certified statement of facts accompanied the record, this court has no legitimate means of learning *all* of the facts proven before the District Court. We are frank to admit that from all the facts appearing in the record, we are unable to see any good reason for sustaining the plea, but appellant's bill of exceptions certifies that the judgment was rendered " after

"hearing the evidence adduced, and the argument of counsel " on the same." But what that evidence was, we are not properly informed, and may therefore not be authorized to decide the question presented.

But we are of the opinion that there is a fatal defect in the appeal bond. The suit was brought against two defendants, residents of Bexar, and one resident of Travis county. The judgment of the District Court was in favor of the three defendants, and the plaintiff has attempted to appeal as against all three, but has given his appeal bond payable to two only, and those two non-residents of Travis county. It may be that the plaintiff did not wish to appeal as against the endorsor of the note. If so, then he should have dismissed the cause as to him. It may, however, be presumed that this was not done, because dismissing the case as to the indorser, the only defendant resident in Travis county, would have ousted the jurisdiction of the court. But certainly if a party wishes to appeal a cause as against several persons, his appeal bond must indemnify each and every appellee for all damages and costs, or his appeal will be dismissed on motion. The bond in the cause at bar is payable to but two of the three appellees, and therefore is defective, and for this cause the appeal was dismissed; and for the same reason we decline to reinstate the cause on the docket.